IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Feb 21, 2018
OFFICE OF THE CLERK

**STEPHANIE BATES**                                                              **PLAINTIFF**

vs.                                          No. 6:18-cv- 6019

**SPA CITY STEAKS, INC., d/b/a**
**COLTON'S STEAK HOUSE AND GRILL**                                **DEFENDANT**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Stephanie Bates ("Plaintiff"), by and through her attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Defendant Spa City Steaks, Inc., d/b/a Colton's Steak House and Grill ("Defendant"), does hereby state and allege as follows:

### I.   INTRODUCTION

1. This is an action for wages owed. Defendant owns and/or operates a Colton's Steak House and Grill restaurant in Garland County, located at 120 Crawford Street, Hot Springs, Arkansas 71913 ("Colton's Steak House").

2. Plaintiff was a server at Colton's Steak House. She was paid $2.63 per hour plus tips. Defendant, however, did not let Plaintiff keep all of the tips she received. Rather, when Plaintiff was hired, she was told that part of her tips would be collected by management as a part of a tip-pooling arrangement. The tips collected were distributed to other Colton's Steak House employees such as chefs and dishwashers. Because Defendant did not operate a valid tip pool, it was required to pay Plaintiff and its other

servers at least $7.25 per hour.

3. Plaintiff spent more than 20% of her time performing non-tipped duties for Defendant such as rolling silverware, preparing food and cleaning. Because Plaintiff spent more than 20% of her time performing non-tipped duties for Defendant, Defendant was required to pay Plaintiff at least $7.25 per hour.

4. Defendant's policies violate the Arkansas Minimum Wage Act ("AMWA") and the Fair Labor Standards Act ("FLSA") because Plaintiff was not compensated at a minimum of $8.50 per hour and $7.25 per hour, respectively.

## II.   JURISDICTION AND VENUE

5. This is an action brought by Plaintiff against Defendant for violations of the FLSA, 29 U.S.C. § 201 *et seq.* and the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

6. Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and civil penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendant's failure to pay minimum wages under the FLSA and the AMWA.

7. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

8. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

9. The acts complained of herein were committed and had their principal effect against Plaintiff within the Hot Springs Division of the Western District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

11. Plaintiff is a citizen and resident of Garland County, Arkansas.

12. Plaintiff worked for Defendant as a server from approximately September of 2016 through March of 2017.

13. Plaintiff, as an employee of Defendant, is or was engaged in commerce or in the production of goods for commerce.

14. Defendant is an Arkansas for-profit corporation that owns and operates a restaurant in Garland County.

15. Defendant's registered agent for service of process is James Manning, who may be served at 349 Valley Club Circle, Little Rock, Arkansas 72212.

16. Defendant's annualized gross volume of sales made or business done is not less than $500,000.00.

17. Defendant employs individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

18. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times

relevant to this lawsuit.

## IV.   FACTUAL ALLEGATIONS

19.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

20.   Plaintiff was employed by Defendants as a server at Colton's Steak House during the time period relevant to this lawsuit.

21.   Defendant classified Plaintiff as an hourly, non-exempt employee.

22.   Defendant pays its servers less than the federal minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendant purports to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

23.   Defendant does not inform its employees of the provisions of 29 U.S.C. § 203(m).

24.   Defendant does not allow its servers to keep all of the tips they receive. Instead, Defendant requires its servers to contribute a portion of their tips to a tip pool as a condition of employment.

25.   Defendant shares the servers' tips with kitchen employees who do not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

26.   Some of the employees who were provided funds from the tip pool are not employees who customarily and regularly receive tips. As a result, Defendant's tip pool did not satisfy the requirements of the FLSA, and Defendant is not eligible to take the tip credit.

27.   As a server, Plaintiff performed both duties that generated tips, such as serving food to customers ("tipped work"), and duties that did not generate tips, such as

training new employees ("non-tipped work").

28. Upon information and belief, Defendant does not distinguish between time spent by servers on tipped work and time spent by servers on non-tipped work.

29. Non-tipped duties occupied more than twenty percent of Plaintiff's time.

30. Defendant paid Plaintiff at the same rate—below the applicable minimum wage—for both tipped work and non-tipped work.

31. As a result of the policies put in place by Defendant, Plaintiff was often required to perform non-tipped work for less than minimum wage.

32. Plaintiff is entitled to the return of her tips and wages and compensation based on the standard minimum wage for all hours worked.

## V. FIRST CLAIM FOR RELIEF

### (Fair Labor Standards Act)

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

34. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

35. At all relevant times, Plaintiff has been an "employee" of Defendant's as defined by 29 U.S.C. § 203(e).

36. At all relevant time, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

37. Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. §203(m).

38. Furthermore, valid mandatory tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

39. An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit toward its minimum wage obligations.

40. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff for all hours worked at the standard minimum wage under the FLSA because it retained her tips in furtherance of an invalid tip-pooling arrangement.

41. Defendant violated and continues to violate the FLSA by withholding Plaintiff's tips in furtherance of an invalid tip-pooling arrangement.

42. Defendant failed to pay Plaintiff the minimum wages required under the FLSA for tipped work and for non-tipped work.

43. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received and a return of the tips withheld.

44. Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

45. Plaintiff is entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VI. SECOND CLAIM FOR RELIEF

### (Arkansas Minimum Wage Act)

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

47. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

48. At all relevant times, Plaintiff has been an "employee" of Defendant's, as defined by Ark. Code Ann. § 11-4-203(3).

49. At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

50. Defendant has failed and refused to comply with the AMWA wage requirements by failing to allow Plaintiff to keep her tips to offset the gratuity allowance permitted by Ark. Code Ann. § 11-14-212.

51. Defendant took advantage of the gratuity allowance permitted by Ark. Code Ann. §11-14-212, but also required Plaintiff to give a portion of her tips to non-tipped kitchen workers, thus preventing Plaintiff from receiving minimum wage as required by Ark. Code Ann. § 11-14-210.

52. Defendant failed to pay Plaintiff the minimum wages required under the AMWA for tipped work and for non-tipped work.

53. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred within the three (3) years preceding the filing of this Complaint.

55. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result

thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, she is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Stephanie Bates respectfully request this Court grant the following relief:

(a) Summon Defendant to appear and answer herein;

(b) Declaratory judgment that the practices complained of herein are unlawful under Arkansas law;

(c) An Order for complete and accurate accounting of all the compensation to which Plaintiff is entitled;

(d) An award to Plaintiff of compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage and a return of all tips owed her from a period of three (3) years prior to this lawsuit through the date of trial;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff during the applicable statutory period;

(f) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(g) An award to Plaintiff of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

(h) All such other and further relief to which this Court may find Plaintiff entitled.

Respectfully submitted,

**STEPHANIE BATES,
PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER,
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com