IN THE UNITED STATES DISTRCIT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEPHANIE BATES, CHARLOTTE EARVIN,            PLAINTIFFS
MEGAN KEMP, and KY KEMP

v.                    No. 6:18-cv-06019-SOH

SPA CITY STEAKS, INC. d/b/a                   DEFENDANT
COLTON'S STEAKHOUSE AND GRILL

JOINT MOTION TO DISMISS WITH PREJUDICE AND
FOR APPROVAL OF SETTLEMENT AGREEMENT

COMES NOW Plaintiffs Stephanie Bates, Charlotte Earvin, Megan Kemp, and Ky Kemp ("Plaintiffs") and Defendant Spa City Steaks, Inc. d/b/a Colton's Steakhouse and Grill (Defendant), by and through their undersigned counsel, and jointly submit the following Joint Motion to Dismiss With Prejudice and For Approval of Settlement Agreement:

1. Plaintiff Stephanie Bates initiated this action on February 21, 2018. *See* ECF No. 1. Plaintiff's Complaint alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq. *Id*.

2. Following the filling of Plaintiff's Complaint, three other individuals joined the lawsuit as additional Plaintiffs: Charlotte Earvin, Ky Kemp, and Megan Kemp. *See* ECF Nos. 14 and 18.

3. The Parties attended a settlement conference with Magistrate Judge Bryant in this matter as it related to Case No. 6:17-CV-6055 (SOH).

4. Following the settlement conference as well as extended negotiations between counsel, the parties have entered into a Settlement Agreement and Release of Claims (Settlement Agreement) for all Plaintiffs resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. *See* Exhibit A.

5. Defendant disputes that Plaintiffs were not compensated for all hours worked, including overtime, thereby creating a bona fide dispute as to wages owed. The parties engaged in extensive discovery regarding to Plaintiffs' time records, job duties, tips, other compensation, and issues related to the underlying merits of Plaintiffs' claims against Defendant.

6. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is

>   reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

6. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records, by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length and with the assistance of a Magistrate Judge. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, a jury trial, and, potentially, an appeal.

7. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of their claims and defenses, including the proper method for calculating damages, as well as the amount of any additional fees and costs. Plaintiffs have specifically considered the potential value of their claims and have each individually concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

8. The parties have reached an amicable resolution as to all Plaintiffs' claims. The attorneys' fees agreed upon by the parties were negotiated at arms' length and in addition to Plaintiffs' claims on behalf of themselves and the opt-in collective action member. Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027, 2019 WL

2527594 at *2 (8th Cir. 2019). Also, a stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778-80 (8th Cir. 2018)("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Thus, this proposed resolution sufficiently closes all matters before the Court and warrants dismissal.

9. Accordingly, Plaintiffs and Defendant jointly seek dismissal, with prejudice, of Plaintiff's Complaint in this action. The parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court ender an order dismissing with prejudice this lawsuit in its entirety and approving the attached Settlement Agreements, and for all other relief to which they may be entitled.

Respectfully Submitted,

Steve Rauls (ABA # 2011170)
Josh Sanford (ABA #2001037)
**SANFORD LAW FIRM PLLC**
One Financial Center
650 South Shackleford, Suite 411
Little Rock, AR 72211
steve@sanfordlawfirm.com
josh@sanfordlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**And**

J. Bruce Cross (ABA #74028)
Gregory J. Northen (ABA #2011181)
**CROSS, GUNTER, WITHERSPOON
 & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200

        Little Rock, Arkansas 72201
        Phone: 501- 371-9999
        Fax: 501-371-0035
        bcross@cgwg.com
        gnorthen@cgwg.com

        **ATTORNEYS FOR DEFENDANT**