## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

The parties to this Settlement Agreement and Release of Claims ("Agreement") are Stephanie Bates, Charlotte Earvin, Megan Kemp, and Ky Kemp ("Plaintiffs"); and Spa City Steaks, Inc. ("Defendant"), which includes any assigns, including current and former officers, agents, shareholders, directors, owners, employees, attorneys, accountants, franchisors, successors, insurers, professional employer organizations, parent or subsidiary corporations/businesses, and assigns and the respective current and former officers, agents, shareholders, directors, Board Members, employees, attorneys, accountants, successors, insurers, and professional employer organizations of any parent, subsidiary, and affiliated entities. Plaintiffs and Defendant are individually referred to as "Party" and collectively referred to as "the Parties." This Agreement is entered into for the purpose of disposing of all claims now pending in the case of <u>Stephanie Bates, et al. v. Spa City Steaks, Inc.</u>, Case No. 6:18-cv-6019-SOH, United States District Court, Western District of Arkansas, Hot Springs Division (the "Lawsuit").

## STATEMENTS OF FACT

The Parties acknowledge that:

Defendant denies all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit, but nonetheless, without admitting or conceding any liability or damages whatsoever, have agreed to settle the Lawsuit on the terms and

1

conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continuing the Lawsuit.

The Parties have engaged in formal and informal discovery.

The Parties recognize that the outcome in the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense.

The Parties have engaged in the negotiation process involving the free-flow exchange of information regarding the pay of plaintiff employees and two mediated settlement conferences with a magistrate judge. Following said negotiations, the Parties arrived at an agreement to settle the Lawsuit on the basis described herein.

Plaintiffs and their counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Settlement Agreement is in the best interests of all and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit.

Therefore, in consideration of the statements and mutual promises contained in this Agreement, the Parties agree as follows:

## **DEFINITIONS**

A. **"Plaintiffs' Counsel"** means SANFORD LAW FIRM, PLLC.

B. **"Plaintiffs"** means Stephanie Bates, Charlotte Earvin, Megan Kemp, and Ky Kemp.

C. **"Released Persons"** means Spa City Steaks, Inc., as well as any assigns, including current and former officers, agents, shareholders, directors, owners, employees, attorneys, accountants, franchisors, successors, insurers, professional employer organizations, parent or subsidiary corporations/businesses, and assigns and the respective current and former officers, agents, shareholders, directors, Board Members, employees, attorneys, accountants, successors, insurers, and professional employer organizations of any parent, subsidiary, and affiliated entities.

## AGREEMENT

### A. Payments.

1. Defendant agrees to pay the total gross amount of Nine Thousand Two Hundred Twenty-Eight Dollars and Zero Cents ($9,228.00) in full and final settlement of this matter.

2. Of the total gross amount listed above, Defendant will pay Plaintiffs the amounts shown on Appendix A to this Agreement.

3. Of the total gross amount listed above, Defendant will pay the sum of Three Thousand Six Hundred Eighty-six Dollars and Zero Cents ($3,686.00) to SANFORD LAW FIRM, PLLC, for attorney's fees and costs associated with the Lawsuit.

4. Defendant will deliver the payments described in this Section to Plaintiffs' Counsel according to the schedule set forth in Appendix B to this

Agreement. If Defendant fails to make any payment due under the terms of this Agreement or seek relief under the U.S. Bankruptcy Code, or suffer an involuntary petition in bankruptcy or receivership that is not vacated within thirty (30) days, the entire unpaid balance of the amount stated in Paragraph A.1 above shall be immediately due and payable to Named Plaintiff, Opt-in Plaintiffs, and Plaintiffs' Counsel.

B. **Lost or Misdirected Payments.** Plaintiffs shall have 90 days from the date of payment to negotiate settlement checks. If a Plaintiff's check is lost, destroyed, or otherwise unusable, the payee may notify Defendant, through counsel, within 90 days of the date of payment and Defendant will, upon verification that the original check has not been negotiated, issue a replacement. The payee shall have 90 days from the date of issuance to negotiate the replacement check.

C. **Dismissal of All Claims with Prejudice.** The claims of Plaintiffs will be dismissed by the Court with prejudice. Plaintiffs represent and warrant that, other than this lawsuit, Plaintiffs have no other lawsuits, charges, administrative proceedings, or other claims of any nature pending against Defendant in any state or federal court or before any agency or other administrative body. Plaintiffs represent and warrant that they have not assigned to a third party any of their current or potential claims against Defendant.

D. **Release of Claims.** Plaintiffs, on behalf of themselves and each of their heirs, estates, executors, administrators, assigns, transferees and representatives,

hereby release and forever discharge the Released Persons from any and all claims, rights, demands, liabilities and causes of action of every nature and description relating to unpaid wages, for monetary damages, liquidated damages, interest, attorneys' fees, costs, and punitive damages, and all claims or demands related to the Plaintiffs' employment with Defendant regarding wages_and/or failure to pay minimum or overtime wages that they have or may have had against the Defendant as of the date of Plaintiffs' execution of this Agreement under:

(1) the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*);
(2) the Arkansas Minimum Wage Act;
(3) any and all claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas regarding failure to pay wages or overtime wages; and
(4) any and all other relevant Federal and/or State statutory and/or common laws including, but not limited to, intentional infliction of emotional distress for failure to pay wages or overtime wages.

E. **No Admission of Liability; Inadmissibility of Agreement.** This Agreement shall not in any way be construed as an admission by Defendant of any liability whatsoever or as an admission by Defendant of any acts of wrongdoing, misclassification, or discrimination against Plaintiffs or any other persons. In fact, Defendant specifically disclaim improper wage payments, or any liability and wrongdoing. Defendant affirmatively states that it has fully complied with all applicable statutes, regulations, and ordinances. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiffs. This

Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral, or otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

**F.** **Approval Process:** The parties shall file a joint motion for approval of this Agreement. If the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the parties and the Court.

**G.** **Knowing and Voluntarily Waiver:** Plaintiffs acknowledge and agree that they have had sufficient time to consider this Agreement and to consult with legal counsel of their choosing considering its meaning and significance. When entering into this Agreement, Plaintiffs have not relied on any representations or warranties made by the parties, other than representations and warranties expressly set forth in this Agreement.

**H.** **Communications with Plaintiffs:** Defendant has no responsibility with respect to any inquiries from Plaintiffs about this Agreement and the settlement described herein, except that if any Plaintiff approaches Defendant, Defendant agrees to refer such Plaintiff to Plaintiffs' Counsel.

I. **Choice of Law:** This Agreement is deemed by the Parties to be made and entered into in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas.

J. **Waiver:** Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

K. **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and assigns.

L. **Cooperation Clause:** The parties acknowledge that it is their intent to consummate the settlement described herein, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

M. **Entire Agreement:** This Agreement contains the entire Agreement between the Parties, and it replaces any prior agreements or understandings between the Parties. All modifications to this Agreement must be made in writing and signed by the Parties.

**N.** **Severability:** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

**O.** **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**P.** **Remedy for Breach:** If either Party believes that there has been a violation of this Agreement, including but not limited to violations of any of the obligations set forth in this Agreement, then that Party may present this Agreement to the United States District Court Western District of Arkansas, Hot Springs Division, for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach, including legal fees and costs. The Parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction.

**Q.** **Signature:** The Parties agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The Parties further agree that this Agreement may be signed in multiple counterparts, each of which is an original. Should multiple counterparts exist, she will be provided to all Parties for their records.

**R.     Construction:** This Agreement is deemed to have been drafted jointly by the Parties and, in the event of a dispute, will not be construed in favor of or against any Party by reason of that Party's contribution to the drafting of this Agreement.

**PLAINTIFF:**

_____     _____
Stephanie Bates                          Date


_____     _____
Charlotte Earvin                         Date


_____     _____
Megan Kemp                               Date


_____     _____
Ky Kemp                                  Date

**APPROVED:**

_____     _____
Steve Rauls                              Date
SANFORD LAW FIRM, PLLC
One Financial Centre
650 S. Shackleford Road, Suite 411
Little Rock, AR  72211
ATTORNEYS FOR PLAINTIFFS

And

9

**DEFENDANT:**

_____        _____
                                       Date
By: _____, on behalf of Spa City Steaks, Inc.


**APPROVED:**

_____        _____
                                       Date
Gregory J. Northen
CROSS, GUNTER, WITHERSPOON &
 GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone (501) 371-9999
Email: gnorthen@cgwg.com
ATTORNEYS FOR DEFENDANT

Bates, et al. v. Spa City Steaks, Inc.
Settlement Agreement Appendix A

| Name | Settlement Share |
|---|---|
| Ky Kemp | $ 65.00 |
| Megan Kemp | $ 497.00 |
| Stephanie Bates | $ 1,328.00 |
| Charlotte Earvin | $ 3,652.00 |
| Total | $ 5,542.00 |

Bates, et al. v. Spa City Steaks, Inc.
Settlement Agreement Appendix B

| Date Due | Payable To ||||| Total |
|---|---|---|---|---|---|---|
| | Ky Kemp | Megan Kemp | Stephanie Bates | Charlotte Earvin | Sanford Law Firm, PLLC | |
| 14 Days After Settlement Approval | $ 65.00 | $ 497.00 | $ 1,000.00 | $ 1,000.00 | $ - | $ 2,562.00 |
| 1/1/2020 | $ - | $ - | $ 100.00 | $ 100.00 | $ - | $ 200.00 |
| 2/1/2020 | $ - | $ - | $ 100.00 | $ 100.00 | $ - | $ 200.00 |
| 3/1/2020 | $ - | $ - | $ 128.00 | $ 100.00 | $ 72.00 | $ 300.00 |
| 4/1/2020 | $ - | $ - | $ - | $ 100.00 | $ 200.00 | $ 300.00 |
| 5/1/2020 | $ - | $ - | $ - | $ 100.00 | $ 197.00 | $ 297.00 |
| 6/1/2020 | $ - | $ - | $ - | $ 150.00 | $ 150.00 | $ 300.00 |
| 7/1/2020 | $ - | $ - | $ - | $ 150.00 | $ 150.00 | $ 300.00 |
| 8/1/2020 | $ - | $ - | $ - | $ 150.00 | $ 150.00 | $ 300.00 |
| 9/1/2020 | $ - | $ - | $ - | $ 150.00 | $ 150.00 | $ 300.00 |
| 10/1/2020 | $ - | $ - | $ - | $ 150.00 | $ 150.00 | $ 300.00 |
| 11/1/2020 | $ - | $ - | $ - | $ 150.00 | $ 150.00 | $ 300.00 |
| 12/1/2020 | $ - | $ - | $ - | $ 150.00 | $ 150.00 | $ 300.00 |
| 1/1/2021 | $ - | $ - | $ - | $ 150.00 | $ 150.00 | $ 300.00 |
| 2/1/2021 | $ - | $ - | $ - | $ 150.00 | $ 150.00 | $ 300.00 |
| 3/1/2021 | $ - | $ - | $ - | $ 150.00 | $ 165.00 | $ 315.00 |
| 4/1/2021 | $ - | $ - | $ - | $ 200.00 | $ 200.00 | $ 400.00 |
| 5/1/2021 | $ - | $ - | $ - | $ 200.00 | $ 200.00 | $ 400.00 |
| 6/1/2021 | $ - | $ - | $ - | $ 252.00 | $ 148.00 | $ 400.00 |
| 7/1/2021 | $ - | $ - | $ - | $ - | $ 300.00 | $ 300.00 |
| 8/1/2021 | $ - | $ - | $ - | $ - | $ 300.00 | $ 300.00 |
| 9/1/2021 | $ - | $ - | $ - | $ - | $ 300.00 | $ 300.00 |
| 10/1/2021 | $ - | $ - | $ - | $ - | $ 254.00 | $ 254.00 |
| Total: | $ 65.00 | $ 497.00 | $ 1,328.00 | $ 3,652.00 | $ 3,686.00 | $ 9,228.00 |