IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEPHANIE BATES,
CHARLOTTE EARVIN,
MEGAN KEMP, and
KY KEMP                                                                                        PLAINTIFFS


v.                                              Civil No. 6:18-cv-6019


SPA CITY STEAKS, INC., d/b/a
COLTON'S STEAK HOUSE AND GRILL                                           DEFENDANT

## ORDER

Before the Court is the parties' Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement. (ECF No. 25). The Court finds that no response is necessary. The Court finds the matter ripe for consideration.

On September 24, 2018, Plaintiffs filed a second amended complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann § 11-4-201, *et seq*. On October 22, 2019, the parties filed the instant motion, stating that they have resolved all issues in this case. The parties have attached their settlement agreement as an exhibit to the motion (ECF No. 25-1) and ask the Court to approve their settlement agreement and dismiss this case with prejudice.

"[T]he law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *King v. Raineri Const., LLC*, No. 4:14-cv-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (collecting cases); *see also Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1127 (D. Minn. 2017) (questioning whether judicial approval of a proposed FLSA settlement is necessary in the absence of a final certified

collective action). Several courts have held that settlement agreements resolving wage claims are subject to court approval to ensure that the parties are not negotiating around statutory minimum wages. *See, e.g.*, *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Cruthis v. Vision's*, No. 4:12-cv-0244-KGB, 2014 WL 4092325 (E.D. Ark. Aug. 19, 2014). Other courts, including this Court, have held that judicial approval of an FLSA settlement is unnecessary when the lawsuit does not involve a certified class or collective action, all plaintiffs have been represented by counsel throughout the entirety of the case, and the parties wish for their agreement to remain private. *See, e.g.*, *Adams v. Centerfold Entm't Club, Inc.*, No. 6:17-cv-6047-SOH, 2018 WL 5784047, at *1 (W.D. Ark. Nov. 2, 2018); *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-CV-5230-TLB, 2015 WL 500835, at *3 (W.D. Ark. Feb. 5, 2015).

This case has not been certified as a class or collective action and, thus, the case is being settled on an individual basis. Moreover, Plaintiffs have been represented by counsel throughout the course of this litigation. Thus, it appears to the Court that the settlement agreement in this case may not be of the type that requires court approval. However, the parties have nonetheless requested judicial review of the agreement. The Court will review the settlement's FLSA-related terms for fairness because declining to review the proposed settlement agreement would leave the parties in an uncertain position.[1]

Upon review of a totality of the circumstances, the Court finds that the settlement agreement resolves a bona fide dispute, that the settlement is fair and reasonable to Plaintiffs, and

---

[1] The Court will not review the parties' settled attorneys' fees because "authority for judicial approval of FLSA settlements . . . does not extend to review of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

that the compromise between the parties does not frustrate the requirements and implementation of the FLSA.[2] *See Cruthis*, 2014 WL 4092325 at *1. Accordingly, the Court finds that parties' joint motion (ECF No. 25) should be and hereby is **GRANTED**. The parties' settlement agreement is approved, and Plaintiffs' claims against Defendant are **DISMISSED WITH PREJUDICE**. The Court shall retain jurisdiction to vacate this order and to reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary.

**IT IS SO ORDERED**, this 23rd day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] In reaching this conclusion, the Court has considered the following factors: (1) the stage of the litigation and the amount of discovery exchanged; (2) the experience of counsel; (3) the probability of success on the merits; (4) whether there was any "overreaching" by the employer in settlement negotiations; and (5) whether the settlement was the product of arms' length negotiations between the parties, based on the merits of the case. *Jordan v. RHD, Jr., Inc.*, No. 2:16-cv-2227-PKH, 2017 WL 3499938, at *1 (W.D. Ark. July 24, 2017). These factors all weigh in favor of a determination that the parties' settlement is fair and reasonable.